# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| GREGORY JACKSON, | ) | Case No. 1:16 CV 1852 |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| MARGARET BRADSHAW, | ) | |
| Respondent. | ) | **ORDER** |

Now before the Court is Petitioner Gregory Jackson's Motion to Reconsider (Doc. #11) the Court's Judgment Entry (Doc. #10) adopting the Report and Recommendation and dismissing the Petition. No response to the motion has been forthcoming.

Petitioner, acting *pro se*, requests that the Court interpret his letter as an appropriate motion. This Court is enjoined to consider a *pro se* litigant's pleadings more liberally than pleadings drafted by lawyers. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). The Court notes that the United States Sixth Circuit Court of Appeals has ruled that a *pro se* motion to reconsider may be properly evaluated under either Rule 59 (e) as a motion to amend judgment or under Rule 60(b) as a motion for relief from judgment. *See Smith v. Hudson*, 600 F.2d 60, 62–63 (6th Cir. 1979) (evaluating a motion to reconsider under Rule 59 (e) and *Williams*, 981 F.2d at 903 (evaluating a request to reconsider judgment under Rule 60(b)). Thus, in an

abundance of caution, the Court will construe the present motion liberally, in Petitioner's favor, as either a Rule 59(e) motion to alter judgment or a Rule 60(b) request for relief from judgment.

A court may grant a motion pursuant to Rule 59(e) and amend or alter judgment (1) to correct a clear error of law; (2) to address newly discovered evidence; (3) to address an interviewing change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment or order where the party shows:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud ... misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of

judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal citations and quotations omitted).

Petitioner fails to raise a valid basis to amend or vacate the Court's judgment under Rule 59(e) or Rule 60(b). Petitioner's Motion to Reconsider describes a variety of challenges he faces due to his *pro se* incarcerated status but identifies no error of law, newly discovered evidence, change in controlling law, or manifest injustice that would support relief pursuant to Rule 59(e). Similarly, rather than demonstrating a mistake, excusable neglect, new evidence, fraud, any defect in the judgment, or any other reason justifying relief, Petitioner describes ignorance of the law and difficulty accessing research materials.

The Court acknowledges that both proceeding *pro se* and incarceration present real challenges. For those reasons, *pro se* pleadings are liberally construed and a prisoner filing is deemed complete on submission to prison authorities. *Williams*, 981 F.2d at 903; *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2376 (1988) (*pro se* prisoner's notices are to be "considered filed at the moment of delivery to prison authorities for forwarding.") Nevertheless, such allowances are limited and do not extend to reviving an action after nine months of complete inaction has resulted in the entry of judgment.

The United States Sixth Circuit Court of Appeals has repeatedly rejected *pro se* status, limited command of English, lack of access to trial transcripts, and limited law-library access as bases for relief and/or equitable tolling. *See, e.g. Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745 (6th Cir. 2011), citing *Inglesias v. Davis*, No. 07–1166, 2009 WL 87574, at *2 (6th Cir. Jan. 12, 2009), *inter alia*. This record and Petitioner's motion indicate that he successfully requested an extension to complete his Traverse. The Magistrate, having granted his request for extension, did not issue a Report and Recommendation for approximately five months after

3

Petitioner's leave had expired. Petitioner made no effort in the intervening period to explain his lack of filing or request additional relief. Similarly, when the Report was issued, Petitioner did not file timely objections or seek leave to prepare objections. Petitioner continued to take no action until after final judgment was entered.

None of the material now presented by Petitioner remedies, alters, or explains the inaction and legal deficiencies that led to the dismissal of his Petition. In the absence of a legal basis to amend or grant relief from judgment and for the foregoing reasons, the Court DENIES Plaintiff's Motion to Reconsider (Doc. #11) the Opinion and Order dismissing this case. (Docs. #20 and 21.)

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: August 17, 2018